689 P.2d 216

**Hilda Sue BAILEY,
Plaintiff-Respondent,**

v.

**Steve Brian BAILEY,
Defendant-Appellant.**

No. 14554.

Court of Appeals of Idaho.

Sept. 28, 1984.

John M. Bybee, Idaho Falls, for defendant-appellant.

Blake G. Hall, Ririe, Lee, Jenkins, Hall & McNamara, Chartered, Idaho Falls, for plaintiff-respondent.

BURNETT, Judge.

In this divorce case Steve Bailey challenges the trial court's division of the community estate and the awards of child support and attorney fees to his wife, Hilda. Because the record does not disclose adequate findings and reasons for the trial judge's rulings on these points, we vacate the divorce decree in part and remand the case for further proceedings.

This lawsuit began when the wife, after sixteen years of marriage, filed for divorce. The case was heard in district court. Most of the facts were undisputed. The wife alleged, and the husband admitted, that irreconcilable differences existed. The husband further stipulated that these differences arose from fault on his part; but the court ultimately made no finding in this regard. Uncontroverted evidence showed that the wife was a suitable custodian for the children, that she was not employed outside the home but was looking for work, and that the husband had a gross income of approximately $1,250 per month. With respect to property, the parties agreed that the family home was worth $31,000, less an encumbrance of about $11,600. They also agreed upon a division of community personal property in conformity with lists admitted into evidence. Those lists indicated that the wife's personal property was deemed to be worth roughly $14,200, and the husband's personal property to be worth approximately $9,800. The parties acknowledged owing community debts, other than the encumbrance on the house, totaling about $47,500. Of this amount, approximately $37,775 represented obligations of a family business known as Bailey Electric.

The value of business assets proved to be a point of contention. Two certified public accountants presented conflicting analyses of these assets. An exhibit prepared by the wife's accountant showed an appraised value of $23,500 for the real property, a value of $22,433 for other assets, and $6,626 for good will ("capitalized earning power"). The sum of these values was $52,559. The husband's accountant presented an exhibit showing the real property at an "historical cost" of $18,550, a value of $17,628 for other assets, and no value for good will. The sum of these figures was $36,178.

In tabular form, the evidence regarding the community estate could have been summarized as follows:

| PROPERTY | | | | | DEBTS | |
|---|---|---|---|---|---|---|
| Family home | $ 31,000 | | | | Home encumbrance | $11,600 |
| Personal property | (W) | 14,200 | | | Other debts | 47,500 |
| | (H) | 9,800 | | | | |
| Business assets | | 52,559 | or | 36,178 | | |
| Total | $ 107,559 | | or | 91,178 | Total | $59,100 |
| Less debts | | 59,100 | | | | |
| Net estate | $ | 48,459 | or | 32,078 | | |

However, the district court made no finding as to the value of any community property. With respect to the business assets, the judge noted only that he had "some question on the value given to the business which included good will." The judge similarly failed to find the amount of any community debts. His decree did mention the home encumbrance but stated it to be $12,500, a figure bearing no obvious relation to the evidence. Finally, the judge made no explicit determination as to whether the community estate should be divided equally. He simply observed that "[i]t would be difficult to ... give each party a substantially equal value dollar-wise" and that the family home "is needed for the upbringing of the children."

Upon these skeletal findings the district court granted the wife a divorce for irreconcilable differences and gave her custody of the children, subject to "liberal visitation" by the husband. The judge ordered the husband to pay child support of $500 per month ($125 per child) for six months and $600 per month ($150 per child) thereafter, and awarded the wife $850 in attorney fees. The court further awarded the wife the family home, subject to its encumbrance, and her stipulated share of personal property. The husband received the business assets and his share of personal property, but was ordered to pay all other community debts. Applying the evidence summarized above to the judge's division of the community estate, the impact of the divorce decree could be depicted as follows:

| WIFE | | HUSBAND | | | |
|---|---|---|---|---|---|
| Family home | $31,000 | Business assets | $52,559 | or | 36,128 |
| Personal property | 14,200 | Personal Property | 9,800 | | |
| Subtotal | 45,200 | Subtotal | 62,359 | or | 45,928 |
| Less home encumbrance | 11,600 | Less other debts | 47,500 | | |
| Net | $33,600 | Less attorney fee award | 850 | | |
| | | Net | $14,009 | or | (2,422) |

As noted, the husband has appealed, contesting the division of the community estate and the amounts awarded as child support and attorney fees. We now turn to those issues.

**I**

Idaho Code § 32–712 directs the trial judge in a divorce case to make a "substantially equal division" of the community estate "[u]nless there are compelling reasons otherwise." The statute enumerates several factors to consider in deciding whether to deviate from substantial equality. As we stated in a separate opinion issued this week, *Donndelinger v. Donndelinger*, 107 Idaho 431, 690 P.2d 366 (Ct.App.1984), the threshold choice between substantial equality and some other equitable division is committed to the trial judge's sound discretion, guided by statutory and case law. If the judge chooses substantial equality, the issue on appeal is a factual one—whether substantial and competent

evidence shows that such equality actually has been achieved. Conversely, if the judge elects and unequal division, our inquiry is whether, in the circumstances of the case, the judge has abused his discretion by doing so.

■ Because the proper standard of appellate review depends upon the trial judge's choice, he must articulate that choice plainly in the record. Here, the judge's decision is ambiguous. On one hand the judge hinted at an unequal division by stating that substantial equality would be "difficult" to achieve. On the other hand, he made no finding of "compelling reasons" under I.C. § 32–712 for dividing the community estate unequally. The judge's observation that the family home "is needed for the upbringing of the children" may explain why the wife received the use of that particular asset, but it does not identify a compelling reason to divide the aggregate estate unequally.

■ A judge's failure to state compelling reasons for an unequal division might be of no consequence if the underlying evidence showed the division to be, in fact, substantially equal. However, the evidence in this case shows quite the opposite. As depicted in the second table above, if the court had placed upon the business assets a value suggested by the wife's accountant, the net shares of the community estate would have been $33,600 for the wife and $14,009 for the husband. If the court had accepted a value suggested by the husband's accountant, the husband's net share would have dropped to a negative $2,422, creating an even greater disparity between the parties.

■ Justice Cardozo once wrote, "We must know what a decision means before the duty becomes ours to say whether it is right or wrong." *United States v. Chicago, Milwaukee, St. Paul & Pacific Railway Co.*, 294 U.S. 499, 511, 55 S.Ct. 462, 467, 79 L.Ed. 1023 (1935). The Idaho Supreme Court similarly has recognized that a trial court must explain the basis of its decision. *See Lynch v. Lynch*, 106 Idaho 842, 683 P.2d 878 (1984). Here, we have been furnished no such explanation. The record contains neither a statement of compelling reasons for dividing the community estate unequally nor a set of findings to indicate substantial equality. The evidence strongly suggests that an unequal division was intended; but absent a determination of compelling reasons, we cannot say whether an unequal division was appropriate. That determination, in the first instance, is for the trial judge—not an appellate court—to make.

■ Therefore, we vacate the provisions of the divorce decree which distribute the community property and allocate the community debts. Upon remand the district judge is directed to state explicitly his decision whether to divide the community estate substantially equally or otherwise. If he chooses an approximately equal division, he should substantiate that result by finding the value of each material item of community property and the amount of each material community debt. *See Donndelinger v. Donndelinger, supra.* If he chooses some other equitable division, he should identify with particularity the "compelling reasons" under I.C. § 32–712 which have moved him to do so. Such a statement of reasons is indispensable, not only to inform the parties and an appellate court of the basis of the judge's decision, but also to reinforce the statutory standards governing that decision. *See, e.g.,* R. ALDISERT, THE JUDICIAL PROCESS 759 (1976); Rosenberg, *Judicial Discretion of the Trial Court, Viewed from Above,* 22 SYRACUSE L. REV. 635 (1971); *Sheets v. Agro-West, Inc.,* 104 Idaho 880, 887, 664 P.2d 787, 794 (Ct.App.1983) (specially concurring opinion joined by all members. of the court).

## II

■ We now turn to the questions of child support and attorney fees. The district judge's entire treatment of these questions may be found in the following excerpt from his memorandum decision:

Support for the children will be awarded in the sum of $125 per month per child for six months, and then shall increase to the sum of $150 per month per child. Plaintiff shall be awarded attorney fees in the sum of $850.

The divorce decree reiterated these directives.

Awards of child support and attorney fees are committed to the trial court's sound discretion. *E.g., Voss v. Voss,* 91 Idaho 17, 415 P.2d 303 (1966). However, they are not insignificant—or worthy only of summary treatment—merely because they are discretionary. When a judge rules on child support, he dedicates a certain level of future resources to the care and development of children. His ruling profoundly affects the standards of living enjoyed by the children and by both of their parents. When the judge rules on attorney fees, he allocates the cost of dispute resolution—in some cases, one of the parties' heaviest financial burdens.

Recognizing the importance of these determinations, the Legislature in 1980 prescribed standards to guide the exercise of judicial discretion. The standards relating to child support are set forth in I.C. § 32–706. Those pertaining to attorney fee awards are found in I.C. § 32–705, incorporated by reference into I.C. § 32–704(2). We need not enumerate those standards here because we cannot ascertain whether any such standards were duly considered and applied by the district court. When a trial judge gives no explanation for a discretionary decision, the parties and an appellate court are left to speculate about the decisional process.

■ We believe that important discretionary acts should not be shrouded in speculation. Sound judicial discretion is reasoned discretion. The reasons for important discretionary acts can and should be stated. Of course, this does not mean that every exercise of discretion requires explanation. As noted in *Sheets v. Agro-West, supra,* many discretionary acts— such as supervising the voir dire of a jury—relate to the management of litiga-tion, not to its outcome. The exercise of management discretion ordinarily does not require explanation of reasons. But adjudicative discretion—discretion which determines or directly affects the outcome of litigations—demands a reasoned explanation. Child support and attorney fee awards fall into this latter category. They represent important components in the outcome of divorce litigation. Moreover, the obligation to state reasons is heightened where, as here, the discretionary acts have been deemed important enough to warrant legislative guidelines.

■ Accordingly, we hold that trial judges in divorce cases should state reasons for their decisions on disputed child support and attorney fee issues, unless those reasons are otherwise obvious from the record. The statement need not be lengthy. Indeed, it may consist of brief remarks in open court. But regardless of form, the statement at a minimum should note the existence of the legislative guidelines and should identify those factors which the judge has weighed in arriving at his decision.

■ In the present case such reasons have not been stated and they are not, in our view, obvious from the record before us. Accordingly, we vacate the child support and attorney fee provisions in the divorce decree. The district judge on remand may reinstate them, or may substitute different provisions, but in either event he is directed to state the reasons for his ruling on each point.

In summary, those provisions of the decree dividing the community estate, and fixing the amounts of child support and attorney fees, are vacated. The remaining provisions of the decree shall be undisturbed. The case is remanded for further proceedings consistent with this opinion. We award no costs or attorney fees; but the district court on remand is authorized to make such an award, and to take into consideration the expenses of this appeal, if either party demonstrates an entitlement

under the criteria prescribed by I.C. §§ 32-704(2) and 32-705.

WALTERS, C.J., and SWANSTROM, J., concur.