88 P.3d 1212

**Michael James LARSON, Plaintiff–Respondent–Cross Appellant,**

v.

**Billie Joyce LARSON, Defendant–Appellant–Cross Respondent.**

**No. 28161.**

Court of Appeals of Idaho.

March 31, 2003.

Swafford Duffin, Chtd., Idaho Falls, for appellant.  Ronald L. Swafford argued.

Rigby, Thatcher, Andrus, Rigby, Kam Moeller, Chtd., Rexburg, for respondent. Jerry R. Rigby argued.

PERRY, Judge.

Billie Joyce Larson appeals from the intermediate appellate decision of the district court affirming in part and reversing in part the magistrate's distribution of property in a decree of divorce. Michael James Larson cross-appeals the portion of the district court's intermediate appellate decision affirming the magistrate's determination that Billie should be awarded an unequal distribution of the community assets. For the reasons set forth below, we affirm in part, reverse in part, and remand the case.

## I.

### FACTS AND PROCEDURE

Billie and Michael were married in April 1986. Shortly after the marriage, Michael completed his residency as an orthopedic surgeon and Billie earned a master's degree in psychology. Billie had an opportunity to complete a Ph.D. in psychology in Texas, but the Larsons decided to move to the Rexburg area in order for Michael to establish an orthopedic practice. Billie worked at the Youth Services Center in St. Anthony but terminated her employment there in 1988 to help with the orthopedic practice. The Larsons acquired a horse ranch in Hibbard and made several improvements to it. During the spring of 1996, Michael began to develop a more personal relationship with one of the assistants at his office. On July 2, Billie and Michael separated. Thereafter, Michael began an intimate relationship with the assistant.

Michael filed a complaint for divorce in May 1997, asserting irreconcilable differences. Billie filed an answer and counterclaim for divorce on the grounds of adultery and extreme cruelty. A bench trial was held over several days. On October 1, 1998, the magistrate entered a partial decree of divorce. In the partial decree, the magistrate granted a dissolution of the Larsons' marriage and bifurcated the issues relating to the grounds for divorce and distribution of the community estate.

On July 30, 1999, the magistrate entered a judgment on the remaining issues, concluding that the divorce was caused by irreconcilable differences. The magistrate determined that Billie had intentionally dissipated community assets during the period of separation and, therefore, apportioned the value of those assets to Billie as part of her community property share. In addition, the magistrate ordered a partition of the Larsons' ranch and directed Michael to compensate Billie an amount equaling one-half of the diminution in the ranch's value which resulted from the partition.

Following a motion to alter or amend the judgment, the magistrate entered a supplemental decree of divorce on November 29. The magistrate concluded that, although there was no finding of fault by Michael or need by Billie, Billie was entitled to a distribution of $252,725 more in community assets than Michael as a result of the ranch's partition and consequent loss of value.

Billie appealed to the district court, claiming that the magistrate erred by allocating to her the amount of community assets she spent during the parties' separation. Billie additionally contended that the magistrate made a mathematical error with respect to the apportionment of the ranch's diminution in value in the supplemental decree. Michael cross-appealed, also assigning error to the magistrate's apportionment of the ranch's diminution in value. The district court affirmed in part, reversed in part, and remanded for further findings. The district court concluded that the magistrate did not err by allocating the amount of community funds spent by Billie to her as part of her share of the community estate but, because the district court was unable to determine whether the amount of the allocation was supported by the evidence, the district court remanded for further findings on that issue. Additionally, the district court concluded that the magistrate did not err by apportioning to Michael the entire loss of the ranch's value and that there was no mathematical error in relation to the apportionment.

Billie appeals, again asserting that the magistrate erred by concluding that her share of the community assets should be credited with the value of the community funds she expended during the period of separation and that the magistrate's mathematical calculations in allocating the diminution of the ranch's value were erroneous. Michael cross-appeals, contending that the magistrate erred by allocating the entire diminution in the ranch's value to him, rather than allocating half of it to Billie. Both Billie and Michael request costs and attorney fees on the present appeal and cross-appeal.

## II.

### STANDARD OF REVIEW

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *Hentges v. Hentges,* 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988). We will uphold the magistrate's findings of fact if supported by substantial and competent evidence. *Ireland v. Ireland,* 123 Idaho 955, 958, 855 P.2d 40, 43 (1993). On issues of law, we exercise free review. *Bliss v. Bliss,* 127 Idaho 170, 172, 898 P.2d 1081, 1083 (1995).

## III.

### ANALYSIS

#### A. Dissipation of Community Assets

In the July 1999 judgment, the magistrate found that Billie had intentionally diverted, without Michael's consent or approval, approximately $390,727.92 of community funds to her own use during the period of separation. The magistrate allocated that sum to Billie's share of the community estate as a "pre-divorce distribution." On the intermediate appeal, the district court upheld the magistrate's allocation of the pre-divorce distribution to Billie as part of her share of the community property. However, the district court was unable to determine whether the amount was supported by the evidence and remanded the case for further findings con-

cerning the specific evidence relied upon by the magistrate in determining the amount.

■ On the present appeal, Billie again asserts that the magistrate erred by allocating $390,727.92 to her as a pre-divorce distribution. Billie contends that there was no basis in law to justify the distribution and that there was no evidence proving that she had the intent to deprive the community of the use of the diverted funds. Billie additionally argues that the amount of the allocation was not supported by the evidence. Finally, Billie maintains that because the diverted funds were spent by the time of trial, there was no asset to be allocated to her.

■ Turning to Billie's claim that there was no basis in law justifying the pre-divorce distribution, we note that one of the factors a trial court may take into account in determining a proper distribution of marital assets at divorce is whether one of the spouses has dissipated or wasted marital assets by spending marital funds in some improper way, thus reducing the amount of marital assets available for distribution. *See* 24 AM. JUR. 2D *Divorce and Separation* § 560 (1998). *See also In re Marriage of Seversen,* 228 Ill. App.3d 820, 170 Ill.Dec. 858, 593 N.E.2d 747, 749 (1992); *Harris v. Harris,* 261 Neb. 75, 621 N.W.2d 491, 501 (2001). Generally, dissipation refers to one spouse's use of marital property for a selfish purpose unrelated to the marriage at the time when the marriage is undergoing an irretrievable breakdown. *Harris,* 621 N.W.2d at 501. Factors to consider in determining whether dissipation of marital assets has occurred include: (1) whether the expenditure benefited the marriage or was made for a purpose entirely unrelated to the marriage; (2) the timing of the transaction; (3) whether the expenditure was excessive or de minimis; and (4) whether the dissipating party intended to hide, deplete, or divert the marital asset. *Pitman v. Pitman,* 721 N.E.2d 260, 264 (Ind.Ct.App. 1999). The concept of dissipation has been applied in Idaho in the context of overcoming the presumption that expenditures made and indebtedness incurred during the marriage are for the benefit of the community. *See Smith v. Smith,* 124 Idaho 431, 436, 860 P.2d 634, 639 (1993) (Expenditures made and in-

debtedness incurred during the marriage are presumed to be for the benefit of the community unless the spouse alleging dissipation can demonstrate that the dissipating spouse spent community funds on something other than the community.). *See also Campbell v. Campbell*, 120 Idaho 394, 400, 816 P.2d 350, 356 (Ct.App.1991). Contrary to Billie's assertion, there was a legal basis supporting the magistrate's decision to apportion the amount of community funds expended by her during the period of separation to her share of the community estate.

■ We now consider whether Michael established that Billie intended to deprive him of the use of the diverted community funds, which is the only factor concerning dissipation disputed by Billie. Upon review of the record, this Court concludes that there was substantial evidence presented which demonstrated Billie's intent. Billie admitted at trial that she withdrew substantial amounts of community funds during the period of separation. Billie testified that she felt justified in taking these funds because her and Michael's accountant advised them at a post-separation meeting that Billie was entitled to one-half of all the income earned during separation. Billie also testified that she diverted the funds in order to provide herself with financial stability in the event Michael filed for divorce. Billie stated that she spent the diverted funds on vehicles, clothes, travel expenses, entertainment, and gifts and loans to friends and relatives. Billie also conceded that the diverted community funds were substantially different in sum and purpose than those expended by her while living with Michael. By virtue of Billie's own admissions, there was substantial evidence to support a conclusion that Billie intended to divert a substantial amount of community assets for reasons wholly personal in nature and unrelated to the community.

■ Billie next claims that the amount of the allocation was not supported by the evidence. On the intermediate appeal, the district court reviewed the evidence before it but was unable to determine what evidentiary basis the magistrate relied upon in formulating the amount. Having reviewed the testimony and other evidence that Michael has directed our attention to concerning the basis for the amount, this Court, like the district court, is unable to determine the evidentiary basis for the amount of the allocation. We agree with the district court that the case should be remanded. Therefore, the magistrate is instructed to make factual findings concerning whether the amount of the allocation is to accurate and articulate what evidence it relied upon in making such findings.

■ Finally, Billie argues that because the diverted community funds had been spent prior to trial, there was no asset left to value and allocate to her. There is disagreement among jurisdictions as to whether a trial court is justified in awarding assets that are not part of the marital estate at the time of the award due to one spouse's dissipation. *See generally* Lee R. Russ, Annotation, *Spouse's Dissipation of Marital Assets Prior to Divorce as Factor in Divorce Court's Determination of Property Division*, 41 A.L.R.4th 416, 1985 WL 287447 (1985). Those courts which have held that an award of nonexistent assets is improper have noted that the relevant state statute appears to restrict the trial court's authority to dispose of marital assets to property actually before it. *Id.* at 421. The courts that have allowed an award of nonexistent property have emphasized that such an award is necessary to prevent one spouse from completely dissipating the marital estate and depriving the other spouse of his or her property rights. *Id.* Idaho Code Section 32–712 does not restrict the trial court's authority to dispose of only those assets actually before it. In order to avoid depriving Michael of the benefit of the community funds dissipated by Billie during the period of separation, we conclude that the magistrate properly apportioned to Billie, as part of her share of the community property, the amount of community funds that she expended for purposes unrelated to the community.

In sum, we uphold the district court's determination that the magistrate did not err by apportioning to Billie the amount of community funds she intentionally diverted during the period of separation and that there was substantial evidence of Billie's intent to deprive the community of the use of the

expended community funds. We also uphold the district court's decision to remand the case for the magistrate to make factual findings concerning whether the amount of the allocation is accurate and to articulate what evidence it relied upon in making such findings. The decision of the district court concerning Billie's intentional dissipation of community assets is affirmed.

## B. Diminution in Value of a Community Asset

In the July 1999 judgment, the magistrate noted that Billie and Michael had stipulated to the value of a majority of the community assets, but that one of the primary assets whose value had not been determined by stipulation was the parties' ranch. The magistrate found that the appraised value of the entire ranch was $1,360,000. The magistrate noted that Michael wanted the ranch to be partitioned and to be awarded the lower portion of the ranch. The magistrate determined that the value of the lower portion of the ranch was $325,000 and that the value of the upper portion, which would be awarded to Billie, was $645,000. The magistrate found that partitioning the ranch as requested by Michael would result in a $390,000 loss in value. Despite the diminution in value, the magistrate ordered that the ranch be partitioned. Michael was ordered to absorb his one-half of the resulting loss in the ranch's value. Additionally, the magistrate ordered Michael to compensate Billie for her one-half share of the loss, which effectively allocated the entire diminution in the ranch's value to Michael.

On the intermediate appeal, Michael asserted that the magistrate erred by allocating the entire loss of the ranch's value to him, rather than allocating the diminution in value equally between him and Billie. The district court concluded that the magistrate did not err by apportioning the entire loss to Michael but ruled that the magistrate abused its discretion by allocating $252,725 more in community assets to Billie as a result of the diminution. The district court held that Billie sustained a loss of only $195,000 and instructed the magistrate on remand to distribute $28,862.50 ($252,725 less $195,000 divided by two) from Billie's assets to Michael's assets. Alternatively, the district court instructed the magistrate to enter a money judgment against Billie in favor of Michael for that amount.

On the present cross-appeal, Michael again contends that the magistrate erred by allocating the entire diminution of the ranch's value to him. Michael asserts that the diminution in the value of the ranch as a result of his requested partition is not a compelling reason justifying an unequal distribution of the community property.

Idaho Code Section 32-712 directs the trial court to make a substantially equal division of the community property between spouses, unless there are compelling reasons to do otherwise. There are several factors a trial court must consider in making such a division. *See* I.C. § 32-712. The threshold choice between substantial equality and an unequal but equitable division is committed to the discretion of the trial court, guided by statutory and case law. *Bailey v. Bailey,* 107 Idaho 324, 327, 689 P.2d 216, 219 (Ct. App.1984). If the trial court chooses substantial equality, the issue on appeal is a factual one—whether substantial and competent evidence supports that such equality has been achieved. *Id.* at 327–28, 689 P.2d at 219–20. Conversely, if the trial court elects an unequal division, our inquiry is whether the trial court has abused its discretion under the circumstances. *Id.* at 328, 689 P.2d at 220.

In the present case, the magistrate's rulings with respect to the division of the Larsons' community assets are ambiguous and inconsistent. In the July 1999 judgment, the magistrate specifically stated that it did not find any compelling reason to significantly deviate from a substantially equal property division, although it acknowledged that Billie was awarded more property than Michael. In the supplemental divorce decree, the magistrate noted that Billie received $252,725 more than Michael and that such an unequal division was made because of the diminution in the ranch's value as a result of Michael's requested partition.

It appears from the supplemental decree that the magistrate intended an unequal distribution of the Larsons' community assets and that the reason for such a division was that Michael's requested partition caused a diminution in value of the ranch. Because the magistrate elected an unequal division, the magistrate's decision is reviewed under an abuse of discretion standard. *See Bailey,* 107 Idaho at 328, 689 P.2d at 220. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

The dispute in the present case centers on whether the magistrate acted consistently with the legal standards applicable to the division of community property at divorce. The magistrate had the option of awarding the entire ranch to Billie to continue operating as she requested, ordering a partition of the ranch as requested by Michael, or ordering a sale of the ranch and dividing the proceeds equally between Billie and Michael. *See* I.C. § 32–713. The magistrate elected partition but ordered Michael to reimburse Billie for one-half of the diminution of the ranch's value as a result of the partition. Although the Idaho appellate courts have not had occasion to address how to allocate a diminution in the value of a community asset, this Court's opinion in *Carr v. Carr,* 108 Idaho 684, 701 P.2d 304 (Ct.App.1985), is instructive. In that case, the husband and wife owned a truck stop, which the magistrate ordered to be sold during the parties' divorce proceedings. The magistrate determined that the truck stop had a net worth of $761,309 but assigned no value to the truck stop's goodwill. Prospective buyers insisted on a provision in the sales agreement limiting the husband's ability to open a competing business for five years and within ten miles of the truck stop. The husband eventually signed an earnest money agreement containing such a noncompetition provision. On appeal from the distribution of the community assets, this Court concluded that the goodwill of the truck stop had been sold by virtue of the husband entering into a covenant not to compete with the truck stop. Consequently, this Court held that the goodwill of the truck stop comprised a portion of the value of the truck stop which should have been valued and distributed by the magistrate.

The reasoning of the opinion in *Carr* applies by analogy to the present case. The Larsons' ranch as a whole has a value of $1,360,000. Although the portions of the ranch after partition have a combined value of $970,000, the $390,000 difference between the combined value of the tangible parts of the ranch and the value of the ranch as a whole comprises a portion of the value of the ranch. Therefore, the $390,000 diminution in the ranch's value at partition becomes analogous to the goodwill of the truck stop in *Carr* and should be apportioned equally unless compelling reasons exist to justify an unequal distribution.

The magistrate concluded that Michael's requested partition was a compelling reason to justify an unequal distribution of the parties' community assets. We do not agree. As the magistrate found, the ranch had significant sentimental value to both Billie and Michael. Although Billie desired to have the entire ranch awarded to her in order to continue the ranching operation, the magistrate determined that she could not realistically expect to make a living from the operation if she were to receive the ranch as a unit. Therefore, the magistrate rejected the proposal set forth by Billie. The evidence presented at trial indicates that the ranch was partitioned in such a way as to give Billie and Michael the portions of the ranch that held their respective interests.

Furthermore, with regard to factors contained in Section 32–712, Billie and Michael are both vocationally skilled individuals. The magistrate found that Billie is an able-bodied person with a master's degree in psychology and that she could earn a good salary with minimal retraining if she so desired. Indeed,

the magistrate denied Billie's request for maintenance after concluding that Billie had been awarded sufficient property to provide for her reasonable needs. The magistrate noted that the value of the community estate awarded to Billie free and clear of debt exceeded $1,800,000. Thus, there was no economic need demonstrated by Billie to justify requiring Michael to absorb the entire loss in the ranch's value.

Finally, as noted, neither Billie nor Michael wanted to sell the ranch.[1] Billie requested the entire ranch, which was impractical because there were insufficient community assets to compensate Michael for such an award to Billie. Michael requested partition, which could not be accomplished without diminishing the ranch's value. Given these choices, the magistrate elected partition. Although the magistrate elected to grant Michael's request, the magistrate's decision to partition the ranch does not justify penalizing Michael unequally for the diminution in the value of the ranch. Moreover, as a result of the partition, Michael received significantly less than he would have received had the ranch been sold. Accordingly, we conclude that the magistrate abused its discretion by allocating the entire loss of the ranch's value to Michael, rather than allocating it equally between Billie and Michael. The decision of the district court on this issue is, therefore, reversed.

Having determined that the diminution of the ranch's value should be apportioned equally between Billie and Michael, we next address how the diminution should be mathematically allocated. The scope of our consideration of this issue has been narrowed by the parties. Billie and Michael have conceded that, absent an allocation for the diminution of the ranch's value, Michael's allocation of community assets is $1,360,035 and Billie's allocation is $1,612,760. In order to apportion the $390,000 loss in the ranch's value equally between Billie and Michael, we instruct the magistrate on remand to add $195,000 to each of Billie's and Michael's shares of the community assets. Thus, the total value of community assets awarded to Billie becomes $1,807,760 ($1,612,760 + $195,000) and the total community asset value awarded to Michael becomes $1,555,035 ($1,360,035 + $195,000). Because there exists a difference of $252,725 in favor of Billie, the magistrate is further instructed to deduct half of that amount, $126,362.50, from Billie's assets and add that amount to Michael's assets in order to achieve an equal division of the community estate.

## C. Costs and Attorney Fees

▮ Billie and Michael have requested costs and attorney fees on this appeal and cross-appeal pursuant to I.C. § 32–704 and I.A.R. 40 and 41. Under I.C. § 32–704, the trial court has original jurisdiction in determining whether to require one spouse, during the pendency of an appeal from a judgment in a divorce action, to pay to the other spouse such sums as may be necessary for that spouse to prosecute or defend the action. *Losee v. Losee,* 91 Idaho 77, 79, 415 P.2d 720, 722 (1966). Whether an award should be made, and if so, the amount of the award necessary to pay attorney fees on appeal, are issues addressed to the sound discretion of the trial court. *Id.* Although attorney fees may be allowed on original application to the Idaho appellate courts, it is the policy of the appellate courts to leave to the trial court the making and enforcing of all orders necessary to provide the requesting spouse with the means of prosecuting or defending an appeal, and to exercise their original jurisdiction only upon a showing that such action is necessary to the exercise of their appellate jurisdiction.

---

1. Had the magistrate elected to sell the ranch and divide the proceeds equally between Billie and Michael, which was another option the magistrate rejected, Billie would have received approximately $680,000. The value of the portion awarded to Billie, as a result of the partition, is $645,000, only $35,000 less than she would have received had the magistrate elected to sell the ranch. Conversely, the value of the portion awarded to Michael is $325,000, an amount substantially less than Michael would have received had the ranch been sold. Forcing Michael to absorb the entire loss of the ranch's value due to the partition, despite Billie technically suffering a loss of only $35,000, results in double punishment to Michael and gives Billie more than she is entitled to.

980

*Brashear v. Brashear,* 71 Idaho 158, 165, 228 P.2d 243, 247 (1951).

Here, neither Billie nor Michael requested an award of attorney fees in the trial court to prosecute or defend this action on appeal, and it is unnecessary to the exercise of this Court's appellate jurisdiction to award attorney fees to either Billie or Michael. Accordingly, no award of attorney fees is made to either Billie or Michael on the present appeal and cross-appeal. Because Michael is the prevailing party on the present appeal and cross-appeal, costs are awarded to Michael.

## IV.

### CONCLUSION

We hold that there was a legal basis supporting the magistrate's decision to apportion to Billie the amount of community funds she intentionally diverted during the period of separation and that there was substantial evidence of Billie's intent to deprive the community of the use of the expended community funds. However, because we are unable to determine the evidentiary basis for the amount of allocation, we remand the case and instruct the magistrate to make factual findings concerning whether the amount of the allocation is accurate and to articulate the evidentiary basis for such findings. Thus, the decision of the district court in this regard is affirmed.

We further hold that the diminution of the value of the Larsons' ranch by virtue of Michael's requested partition comprises a portion of the ranch's value as a whole and should be distributed equally between Billie and Michael unless there are compelling reasons to do otherwise. Because no compelling reasons have been demonstrated which justify an unequal apportionment, we conclude that the magistrate erred by allocating the entire diminution to Michael. The district court's determination in this regard is reversed. The magistrate is instructed on remand to allocate the diminution in the ranch's value equally between Billie and Michael by adding $195,000 to Billie's and Michael's respective shares of the community assets. Because an equal apportionment results in a difference of $252,725 in favor of Billie, $126,362.50 is to be deducted from Billie's share of the community assets and added to Michael's share.

Finally, neither Billie nor Michael requested that the magistrate award attorney fees to pursue or defend the present appeal and cross-appeal and such an award is not necessary to this Court's appellate jurisdiction. Consequently, no award of attorney fees is made to Billie or Michael on this appeal and cross-appeal. Because Michael is the prevailing party on the present appeal and cross-appeal, Michael is awarded costs. The intermediate appellate decision of the district court is affirmed in part, reversed in part, and the case is remanded to the magistrate for the entry of an amended decree of divorce consistent with this opinion.

Chief Judge LANSING and Judge GUTIERREZ, concur.