**In re the Marriage of James JUNGBAUER, Petitioner, Respondent,**

v.

**Beverly A. JUNGBAUER, Appellant.**

**No. C3–86–85.**

Court of Appeals of Minnesota.

July 29, 1986.

Lorraine Blake, Blake & Phillips, Newport, for respondent.

Steven A. Sicheneder, Christensen, Jennings & Sicheneder, P.A., North Branch, for appellant.

Heard, considered and decided by LESLIE, P.J., and FOLEY and WOZNIAK, JJ.

## OPINION

LESLIE, Judge.

In this dissolution action, Beverly A. Jungbauer appeals the court's division of marital property, claiming the trial court abused its discretion by granting James Jungbauer over seventy percent of the marital property. We reverse and remand.

### FACTS

Appellant Beverly Jungbauer and respondent James Jungbauer were married in 1956 and have four adult children. Respondent, age fifty-two worked as a cable splicer for Northwestern Bell for thirty years. In August 1982, respondent retired and he currently receives monthly benefits of $830.00 from a pension. Respondent is currently receiving medical treatment for a back problem that has been diagnosed as a ten to fifteen percent permanent disability. Although respondent's doctor stated that nothing is preventing respondent from working, he is unable to do some types of work, and he currently works only on a part-time basis as a painter. Although he has made some efforts to find full-time employment, the efforts have not been very extensive, as he has applied to work at very few places. At trial, he admitted that he has told people he was not looking for work because this divorce was pending and that he believed he would be able to find full-time employment. He has averaged approximately $133 per month in gross income since the parties were separated in October 1984.

Throughout the early years of the marriage, appellant, now age fifty, did not work outside of the home. In 1974, she started working as an accounts payable clerk for the school district. At the time of trial she had a gross monthly income of $1,554.10 and net monthly income of $1,047.18. She has a vested pension and will be eligible for monthly benefits when she reaches age fifty-five. The value of this pension is very small compared to respondent's pension, and even if she continues working until age sixty-two her pension benefits will be less than half of respondent's.

At the time of their separation, the parties had property, excluding their pensions, worth approximately $62,000. They sold much of the property and split the proceeds equally. The most important asset sold was their homestead which they sold on a contract for deed for $44,000, with monthly installments of $347.41.

At the hearing, a substantial amount of evidence was heard concerning each party's present finances and each party's ability to earn money in the future. The court found that respondent has a ten to fifteen percent disability in the lower back but that he will be able to function normally if he obeys all

medical limitations. The court further found that at this time, appellant's monthly income of only $133 is not large enough to pay his expenses. The court valued the marital portion of respondent's pension at between approximately $75,000 and $93,-000. The court then granted appellant her pension, valued at approximately $12,000, and equally divided the remainder of the personal property and proceeds from the homestead sale. The trial court awarded respondent the present income from his pension and reserved final determination of the parties' rights to the marital portion of the pension until appellant either is involuntarily unemployed, reaches mandatory retirement age, or begins receiving social security benefits. The court denied appellant's motion for amended findings and judgment.

### ISSUE

Did the trial court err in its award of the parties' marital property?

### ANALYSIS

The court in a dissolution case shall make a just and equitable division of the parties' marital property. Minn.Stat. § 518.58 (1984). In making this division the court shall consider "all relevant factors," including length of the marriage, age, health, occupation, amount and sources of income, vocational skills, employability, liabilities, needs, and future financial prospects of each party. *Id.* It is well established that the trial court has broad discretion in dividing marital property and that a distribution of property will be overturned only on a showing that the trial court abused its discretion. *Servin v. Servin*, 345 N.W.2d 754 (Minn.1984).

We believe the trial court erred in dividing the marital property as it did. Under the division of property, appellant received approximately $43,000.[1] Depending on the exact value of respondent's pension, respondent received between $106,000 and

$124,000. Therefore, appellant only received approximately thirty percent of the marital property. Given the facts of this case, we believe this division was an abuse of the trial court's discretion.

This was a long-term marriage of twenty-six years. Appellant clearly made substantial contributions to the acquisition of marital property as she raised their four children and then worked outside of the home for the last ten years of the marriage. In such a situation a more equal division of property is proper. *See Miller v. Miller*, 352 N.W.2d 738, 742 (Minn.1984).

We recognize that respondent does have some physical problems, but a ten to fifteen percent disability of the back does not justify such an unequal distribution of property when the trial court specifically found that respondent will be able to function normally if he follows his doctor's orders. We also recognize that respondent's income during the divorce proceedings was quite low, and that he had difficulty meeting his needs. However, respondent made feeble efforts to find a job, and he specifically testified that he had told other people he was not looking for work because the divorce was pending and that he believed he would be able to find a job. It is clearly inequitable to grant a party such a large percentage of the marital estate because of financial problems when that person is clearly employable and has admitted that he has not looked for full-time work because the divorce was pending.

We recognize the trial court's division of marital property need not be mathematically equal. *See Johns v. Johns*, 354 N.W.2d 564, 566 (Minn.Ct.App.1984). We also recognize that respondent's health and financial prospects are relevant factors to consider in dividing the property. *See* Minn. Stat. § 518.58. However, given the long-term marriage, we hold the trial court erred in dividing the marital property so unequally. We therefore remand for the

---

1. We note that because appellant does have some future interest in the pension, she could potentially receive more than $43,000, but the future interest is not worth much and there is no guarantee that she will ever be able to receive anything from the pension.

trial court to make a more equal distribution of the property.

## DECISION

The trial court erred in the division of the parties' marital property.

Reversed and remanded.