765 P.2d 1094

**Diane HENTGES, Plaintiff–Appellant,**

v.

**William HENTGES,
Defendant–Respondent.**

**No. 17042.**

Court of Appeals of Idaho.

Dec. 2, 1988.

Sue S. Flammia (Flammia & Solomon), of Coeur D'Alene, for plaintiff-appellant.

Stephen B. McCrea, of Coeur D'Alene, for defendant-respondent.

BURNETT, Judge.

Diane Hentges appeals from a decision of the district court upholding a magistrate's decree in a divorce action. The decree awarded a disproportionate share of the couple's community property to Diane's husband, William Hentges. We are presented with three issues: (1) whether the magistrate abused his discretion in making an unequal division of property; (2) whether the magistrate erred in failing to consider the receipt and expenditure of community funds during the parties' separation; and (3) whether the district court, on appeal, erred in awarding attorney fees to the husband. For reasons explained below, we affirm the decision of the district court insofar as it upholds the divorce decree; however, we reverse that portion of the decision which awards attorney fees to the husband.

The underlying facts are sobering. Diane and Bill Hentges were married in Illinois in 1965. Five years later, Bill suffered a work-related injury that rendered him almost completely paralyzed from the neck down. Subsequently, Bill sued for damages in an Illinois state court. As compensation for his injuries, he received a lump sum settlement of $825,000 which, after adjustments for attorney fees and workers' compensation reimbursements, left him with about $500,000. Shortly thereafter, the family, including the couple's three sons and a daughter, moved to a ranch outside Coeur d'Alene, Idaho. They purchased the ranch with part of the funds obtained from the personal injury settlement. The remaining settlement proceeds were placed in a trust account, with both Bill and Diane named as beneficiaries.

One tragedy followed another. A few years after the family moved to Idaho, the daughter was diagnosed as terminally ill with cancer. She died in 1979 at the age of eleven. Two years later Bill and Diane separated. Thereafter, Diane filed for divorce based upon irreconcilable differences. She sought joint legal custody of the boys, sole physical custody of them, and an equal division of the parties' assets which, she contended, were entirely community property. Bill answered and counterclaimed for a divorce based upon desertion, extreme cruelty and irreconcilable differences. He likewise sought sole physical custody of the children, but he asserted that the personal injury settlement and all property acquired with proceeds of the settlement were his separate property.

A trial was held before a magistrate. Both spouses were awarded joint legal custody of their three sons. The magistrate determined that the parties' entire estate was community property. However, the magistrate concluded that Bill's extraordinary needs entitled him to receive a disproportionate share of the property. Diane appealed to the district court, which affirmed and awarded attorney fees to Bill. This appeal followed.

I

Diane first challenges the magistrate's decision to divide the couple's community property unequally. Because Bill no longer is contesting the magistrate's determination that assets were entirely community property, we will accept that determination as a predicate of our discussion. Diane's argument is two-pronged. First, she asserts that the magistrate erred by failing to articulate compelling reasons for an unequal property division. Second, she contends that the disproportionate award of property to Bill constituted an abuse of discretion.

A

Prefatorily, we note that Diane attacks the method by which the district court, acting in its appellate capacity, reviewed the magistrate's decree. She contends that the district court applied a broad, deferential standard of appellate review, without recognizing the legal content of the issues raised. Resolution of this question is not critical to the outcome of

this case. However, we believe a few points must be clarified to avoid future confusion.

Rule 83(u)(1), I.R.C.P., provides, in pertinent part, that

[u]pon an appeal from the magistrate's division of the district court, not involving a trial de novo, the district court shall review the case on the record and determine the appeal as an appellate court in the same manner and upon the same standards of review as an appeal from the district court to the Supreme Court under the statutes and the law of this state, and the appellate rules of the Supreme Court.

Where a district court sits as an appellate court for the purpose of reviewing a magistrate's judgment, the district court is required to determine whether there is substantial evidence to support the magistrate's findings of fact. If those findings are so supported, and if the conclusions of law demonstrate proper application of legal principles to the facts found, then the district court will affirm the magistrate's judgment. The judgment also will be upheld on further appeal. *See Ustick v. Ustick*, 104 Idaho 215, 657 P.2d 1083 (Ct.App. 1983).

■ Here, the district judge essentially applied the substantial evidence standard to questions of fact. He also noted the standard of review specifically applicable to unequal divisions of community property— abuse of discretion. *See Bailey v. Bailey*, 107 Idaho 324, 689 P.2d 216 (Ct.App.1984). We see no error in the district judge's recitation and application of these standards. Furthermore, any impropriety in the district court would not affect the outcome of this Court's decision. Where, as here, the issues before the appellate court are the same as those considered by the district court sitting in an appellate capacity, the appellate court will review the trial record with due regard for, but independently from, the district court's decision. *Robinson v. Joint School District No. 331*, 105 Idaho 487, 670 P.2d 894 (1983).

B

Diane's next challenge is procedural. As noted above, she contends that the divorce decree must be set aside because the magistrate failed to state with particularity the compelling reasons justifying the unequal property division. It is true that a trial judge must make a "substantially equal division" of the community estate "[u]nless there are compelling reasons otherwise." I.C. § 32–712. The statute enumerates several factors to consider in deciding whether to deviate from substantial equality. The judge's threshold choice between substantial equality and some other equitable division in turn determines the standard of appellate review. If the judge chooses substantial equality, the issue on appeal is a factual one—whether substantial and competent evidence shows that equality actually has been achieved. *See Bailey v. Bailey, supra.* Conversely, if, as in the present case, the judge elects an unequal division, our inquiry is whether, under the circumstances, the judge has abused his discretion by so doing. *Id.* Proper appellate review requires a statement of the "compelling" reasons for the unequal division. This statement is indispensable not only to inform the parties and an appellate court of the basis for the decision, but also to assure compliance with the statutory standards governing that decision. *Id.*

■ Here, the magistrate did not use the statutory language of "compelling reasons" in rendering his decision. Rather, after an exhaustively detailed recitation of the pertinent facts in the case, he stated: "The sum total of the evidence presented in this case requires that the defendant be awarded a substantially disproportionate share of the community property." The magistrate did a superb job of cataloging all the salient information. But assembling facts is not the same as articulating the reasons for a discretionary decision. We adjure magistrates in the future to make specific statements, explaining why they believe the facts warrant disparate division of community property.

This exhortation notwithstanding, a remand in this case appears to be unnecessary.[1] Although the magistrate failed to track the language of I.C. § 32–712, the import of his decision is clear. The "sum total of the evidence" demonstrated that Bill, as a profoundly disabled person, probably unemployable and saddled with ongoing expenses related to his condition, required a greater share of the community property to support himself. Where, as here, the reasons clearly appear from the record, a failure to state specific reasons may be disregarded on appeal. *Cf. Quick v. Crane*, 111 Idaho 759, 773, 727 P.2d 1187, 1201 (1986) (extending this principle to a motion for new trial, but remanding because reasons were not obvious).

### C

■ We next discuss the substantive question whether the magistrate's decision to make an unequal property division was an abuse of discretion. We begin by enunciating the standard of review. On an issue of discretion, the appellate inquiry is multi-tiered: (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any rules applicable to specific choices; and (3) whether the court made its decision by an exercise of reason. *Standards of Appellate Review in State and Federal Courts* § 3.4, IDAHO APPELLATE HANDBOOK (Idaho Law Foundation, Inc. 1985). Here, we perceive Diane's challenge as directed at the latter two questions—i.e., whether the magistrate acted within the outer boundaries of his authority as governed by I.C. § 32–712, and whether he based his decision on an exercise of reason.

### 1

It is clear that the magistrate referred to and was guided by the factors set forth in I.C. § 32–712. The statute provides, in pertinent part, as follows:

(b) Factors which may bear upon whether a division shall be equal, or the manner of division, include, but are not limited to:

(1) Duration of the marriage;

(2) Any antenuptial agreement of the parties; provided, however, that the court shall have no authority to amend or rescind any such agreement;

(3) The age, health, occupation, amount and source of income, vocational skills, employability, and liabilities of each spouse;

(4) The needs of each spouse;

(5) Whether the apportionment is in lieu of or in addition to maintenance;

(6) The present and potential earning capability of each party; and

(7) Retirement benefits, including, but not limited to, social security, civil service, military and railroad retirement benefits.

The most significant factors bearing on the magistrate's determination in this case were the duration of the marriage, the health and employability of each spouse, the amount and source of each party's income, the needs of each spouse, and his or her potential earning capabilities. After a detailed comparison of both parties' situations, the magistrate concluded that Bill should receive "70% of the community estate net of community debts."

■ The record discloses that the length of the marriage was nineteen years. The vast bulk of the parties' property consisted of the settlement trust fund and property purchased with proceeds from the trust, including the family ranch. Diane and Bill derived their incomes primarily from trust distributions and secondarily from Social Security benefits. Each incurred some expense relating to the children; the oldest boy resided with Bill and the two youngest boys lived with Diane. As to the parties' respective employability, the magistrate found that Diane would "readily attain whatever education [and] employment ... goals she sets for herself." However, the judge concluded that Bill had "no reason-

---

1. A remand also would place a burden upon a new judge in the case. We note that the magis- trate, Honorable J.T. Ramstedt, has died since rendering his decision.

able hope of employment in the local area" which would provide a net income greater than Bill received from Social Security.

The judge likewise found great disparity in the needs and health of each party. Although Diane was in good health, Bill would require constant assistance and care. He needed help shopping, cleaning the house, cooking and in maintaining the ranch. Furthermore, in anticipation of the eventual departure of the eldest son from Bill's home, the magistrate determined that Bill would be forced to hire a trained aide to assist him in bathing, dressing and changing his urinary catheter and leg bags. The magistrate found that the cost of these services, though not yet incurred, would be substantial. Finally, the magistrate noted that Bill suffered from deteriorating eyesight, bursitis and arthritis in his arms, and problems in his shoulders and feet.

Based upon all these facts, we believe the magistrate correctly perceived a compelling circumstance requiring an unequal division of property. His decision was consistent with the factors set forth in I.C. § 32–712, was well within the outer boundaries of his discretionary authority, and was reached by a process of reason.

### 2

Diane has argued that even if a disparity was appropriate, the amount allowed was greater than necessary to meet Bill's physical and economic needs. However, the tenor of the magistrate's decision indicates that the judge recognized that Bill's paralysis materially and obviously affected the quality of his life. The disparate division of community property served not only to meet Bill's immediate expenses but also to provide some discretionary resources enhancing his otherwise severely restricted quality of life. In this sense it gave him, so far as money suffices, a measure of dignity and independence that healthy people take for granted. More immediately, it afforded him a cushion against the risk of future changes in his living expenses.

It has been recognized that a trial court may base an unequal property division on the fact that one spouse is disabled. *See,*

*e.g., Jungbauer v. Jungbauer,* 391 N.W.2d 56 (Minn.Ct.App.1986); *In re Marriage of Graff,* 71 Or.App. 194, 691 P.2d 520 (1984); *Kittelson v. Kittelson,* 272 N.W.2d 86 (S.D. 1978); *Campbell v. Campbell,* 554 S.W.2d 10 (Tex.Civ.Ct.App.1977). Accordingly, we conclude that the magistrate did not abuse his discretion in making an unequal division or in determining the amount of the disparity.

### II

Diane next contends that the magistrate erred in failing to consider Bill's receipt and expenditure of certain community funds during the parties' separation. Specifically, she points to three disputed transactions: receipt by Bill of $6,000 from sale of a house bought by the couple in a foreclosure proceeding; receipt by Bill of $3,000 in partial satisfaction of a debt owed to the community; and expenditure by Bill of $17,500, which constituted his 1983 distribution of trust principal. Diane contends that the magistrate erred in failing to give her a credit for these transactions in the "70/30" distribution of community property. We disagree.

It appears that the trial judge actually did take receipt and expenditure of these sums into consideration in rendering his decision. He also took into account a receipt by Diane—and her subsequent expenditure—of several thousand dollars in community income. However, the judge found from the evidence that all these transactions were undertaken by both spouses for purchases of community assets or for normal living expenses. This finding was supported by substantial, albeit somewhat disputed, evidence. The magistrate concluded that no special credit or adjustment to the property award was required. His conclusion was correct. *See Donndelinger v. Donndelinger,* 107 Idaho 431, 690 P.2d 366 (Ct.App.1984) (property acquired or debts incurred during separation are community in nature).

### III

Finally, both parties raise questions concerning awards of attorney fees on appeal.

Each of them seeks attorney fees on this appeal. Additionally, Diane challenges the district court's award of attorney fees to Bill in the appeal below. She contends that the district judge improperly applied the standard for awarding fees under I.C. § 12–121, rather than the standard provided for divorce actions in I.C. § 32–704(2). He then compounded the error, she asserts, by improperly treating her appeal as nothing but a request to second-guess the magistrate on matters of fact, thus opening the door to an award under I.C. § 12–121.

■ Idaho Code § 32–704(2) is not the exclusive avenue available to a party seeking attorney fees in a divorce action. Of course, a court *may* award fees based on financial need under I.C. § 32–704. However, I.C. § 12–121 applies to all civil actions. Thus, where an appeal in a divorce case is brought frivolously and without foundation, an appellate court may award fees under that statute. *See, e.g., McPherson v. McPherson,* 112 Idaho 402, 732 P.2d 371 (Ct.App.1987). In such a case, the amount awarded is fixed by reference to Rule 54(e)(3), I.R.C.P. This rule enumerates certain criteria and allows the judge to consider "any other factor which the court deems appropriate...." We believe this language enables the judge to consider the factors listed in I.C. § 32–705 and incorporated by reference into I.C. § 32–704(2). In this way I.C. § 12–121 plays a role in divorce cases without unduly encroaching upon the financial assistance scheme contemplated by I.C. § 32–704(2). The statutes are accommodated to the greatest extent possible.

■ We acknowledge that awards of attorney fees under I.C. § 12–121 are committed to the sound discretion of the court making the award. However, in the present case we believe that the district court's award of fees was unwarranted. Diane's appeal to the district court was unavailing; but it was not frivolous, unreasonable or without foundation. Her claim encompassed two fairly debatable issues:

the adequacy of the magistrate's stated reasons for making a disparate division of community property, and the propriety of the amount of the disparity on such considerations as quality of life and risk of future expenses, rather than solely on immediate physical and economic needs. These issues make it clear that Diane's appeal to the district court consisted of more than a mere request to reexamine the factual record. Accordingly, we conclude that the district judge abused his discretion in awarding attorney fees to Bill under I.C. § 12–121. That portion of the district court's decision awarding attorney fees is reversed.

We next discuss both parties' claims for attorney fees on appeal to this Court. Diane claims an entitlement under I.C. § 32–704(2) as a financially needy party. Bill seeks fees pursuant to I.C. § 12–121. We think that Bill's claim must fail. As it did before the district court, Diane's appeal has raised fairly debatable issues. We cannot say that her appeal has been brought frivolously, unreasonably or without foundation. However, neither do we believe that an award of attorney fees to Diane would be appropriate under I.C. § 32–704(2). The present record indicates that both parties are capable of defraying their legal expenses.

In sum, the decision of the district court upholding the divorce decree is affirmed. That portion of the decision which awards attorney fees on appeal is reversed. Costs (exclusive of attorney fees) in the present appeal are awarded to the respondent, William Hentges.

WALTERS, C.J., and SWANSTROM, J., concur.