952 P.2d 914

**ROBERTSON SUPPLY, INC., an Idaho Corporation, Plaintiff–Respondent,**

v.

**G. David NICHOLLS, Defendant–Appellant.**

**No. 23653.**

Court of Appeals of Idaho.

Jan. 22, 1998.

Benjamin C. Rice, Boise, for defendant-appellant.

Mark L. Clark, Nampa, for plaintiff-respondent.

PERRY, Judge.

G. David Nicholls appeals from the district court's order, in its appellate capacity, reversing the magistrate's judgment in favor of Nicholls. We affirm the decision of the district court, concluding that Robertson Supply, Inc.'s cause of action is not barred by either judicial estoppel or collateral estoppel, and remand to the magistrate division for further proceedings.

## I.

### FACTS AND PROCEDURE

Robertson Supply is attempting to collect a debt. Originally, Robertson Supply extended credit to Nicholls' proprietorship, which he called American Pump. Nicholls executed a "guaranty" to be personally liable for any debt resulting from the extension of credit to American Pump.[1] Prior to October 27, 1994, Robertson Supply delivered goods charged to the American Pump account in the amount of $7,153.60. American Pump never paid this debt.

In September 1994, Nicholls incorporated his business and named the new entity American Well Drilling and Pump, Inc. (American Well). Although Robertson Supply was informed of the incorporation in September, no change was made with respect to the account until October 27, 1994. On that date Robertson Supply received an application from Nicholls' wife for a name change on the account to American Well. Robertson Supply approved the application and the name change became effective October 31, 1994. Nicholls did not execute a new guaranty of the corporation's obligation. The corporation received goods from Robertson Supply in the amount of $4,846.49 after October 31, 1994. The purchase price for these goods was charged to the account under the corporate name. American Well never paid this debt.

In a prior action in a different county, Robertson Supply brought suit against American Well attempting to recover the entire debt accumulated on the accounts of both American Pump and American Well. Nicholls was not a named party to that suit. Robertson Supply received a default judgment against American Well for $12,120.09

---

1. Since Nicholls, as the proprietor, was legally the obligor on debts incurred in the name of American Pump, Nicholls was merely "guaranty-ing" his own debt.

and was awarded $2,500 for attorney fees and $105 for costs. Robertson Supply executed on the judgment, but only received $374.52.

Subsequently, Robertson Supply filed this suit against Nicholls, individually, for the $7,153.60 of goods charged to American Pump. At the conclusion of the evidence presented at the court trial, the magistrate entered findings of fact and conclusions of law. The magistrate found that Robertson Supply, in its previous suit, had sought sums for goods and services provided to American Well from October 6, 1994, until December 15, 1994. The magistrate concluded that because Robertson Supply had already obtained a judgment on the total amount due for goods and services against American Well, Robertson Supply could not subsequently bring suit against Nicholls, individually, to recover on the amount of the debt which had arisen from a portion of the same goods and services. It appears from its decision that the magistrate based this conclusion on the doctrines of judicial estoppel and collateral estoppel.

Robertson Supply· appealed to the district court. The district court reversed the magistrate's judgment, determining that collateral estoppel did not preclude Robertson Supply from bringing this cause of action against Nicholls. Nicholls now appeals to this Court.

## II.

### ANALYSIS

■ Preliminarily it is important to note that we are reviewing a district court's decision reversing the judgment of a magistrate. This Court reviews the decision of a magistrate independently of a district court sitting in an appellate capacity, but with due regard for the district court's ruling. *Hentges v. Hentges*, 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988). This Court will uphold a magistrate's findings of fact if supported by substantial and competent evidence. *Id.* On issues of law, however, this Court exercises free review. *Id.*

Although Nicholls raises a number of issues in his appellate brief, we will only address those necessary for this opinion. We must first determine whether Robertson Supply's cause of action is barred by either judicial estoppel or collateral estoppel.

### A. Judicial Estoppel

■ Nicholls contends that Robertson Supply's claim is barred by judicial estoppel. The Idaho Supreme Court considered and adopted the doctrine of judicial estoppel in *Loomis v. Church,* 76 Idaho 87, 277 P.2d 561 (1954). In *Loomis,* the Court stated:

> It is quite generally held that where a litigant, by means of such sworn statements, obtains a judgment, advantage or consideration from one party, he will not thereafter, by repudiating such allegations and by means of inconsistent and contrary allegations or testimony, be permitted to obtain a recovery or a right against another party, arising out of the same transaction or subject matter.

*Id.,* 76 Idaho at 93–94, 277 P.2d at 565. Essentially, this doctrine prevents a party from assuming a position in one proceeding and then taking an inconsistent position in a subsequent proceeding. 31 C.J.S. *Estoppel and Waiver* § 139, § 144 (1996). There are very important policies underlying the judicial estoppel doctrine. One purpose of the doctrine is to protect the integrity of the judicial system, by protecting the orderly administration of justice and having regard for the dignity of judicial proceedings. *McKay v. Owens,* 130 Idaho 148, 152, 937 P.2d 1222, 1226 (1997). The doctrine is also intended to prevent parties from playing fast and loose with the courts. *Id.*

In its judgment, the magistrate cited *Loomis* and then explained the judicial estoppel doctrine. Unfortunately, the magistrate did not go on to analyze Robertson Supply's cause of action by applying the law of judicial estoppel to the facts of this case. Rather, the magistrate simply concluded, at the end of its memorandum, that Robertson Supply's claim was barred by "the continuing authority of *Loomis v. Church.*" Furthermore, the district court did not address the issue of judicial estoppel in its appellate decision. The district court reversed the decision of the magistrate, but based the reversal on the

collateral estoppel doctrine. Therefore, we have no rationale on the application of the judicial estoppel doctrine from either the magistrate or the district court to the facts of this case. Thus, we will conduct a review without the benefit of the views of either of the lower courts, but will apply the facts found by the magistrate when supported by substantial and competent evidence.

■ The magistrate found Robertson Supply did not extend credit to American Well until the account was changed to the corporate name. Nonetheless, Robertson Supply, in the prior suit against American Well, received a default judgment for all goods provided from October 6, 1994, to December 15, 1994. Nicholls contends that it is inconsistent for Robertson Supply to now claim that Nicholls also received some of the goods and should be liable for a portion of the debt and, thus, Robertson Supply's claim should be barred by judicial estoppel.

We disagree with Nicholls' premise that Robertson Supply's pursuit of a judgment against American Well is inherently inconsistent with its current claim against Nicholls. As the proprietor of American Pump, Nicholls was the principal obligor on debts charged to the account. Nicholls was only relieved of his duty as obligor when the corporation was substituted as the account holder on October 31, 1994. In the prior lawsuit, had American Well contested the action, for example, Robertson Supply might have taken the position that the corporation agreed to be responsible for the debts of American Pump and thereby became an additional obligor for the pre-October 31 charges, or Robertson Supply might have asserted that the corporation received the benefit of the goods and services sold prior to October 31 and thereby became liable for payment on a theory of implied contract or unjust enrichment. Neither of those theories would have been inconsistent with the position that Nicholls remained liable as the person who made the purchases doing business as American Pump. Robertson Supply never explained its theory against American Well because American Well defaulted, but the foregoing examples illustrate that merely taking the position that American Well was liable for this debt did not amount to an explicit or implicit assertion by Robertson Supply that Nicholls was *not* liable. Plainly, there may be more than one obligor on a single debt, and Robertson Supply's initial pursuit of American Well is not a contradiction of its present pursuit of Nicholls.

While it may have been more efficient for Robertson Supply to pursue both defendants in a single action, we do not perceive that Robertson Supply is "playing fast and loose" with the court system or has made inconsistent allegations. Therefore, Robertson Supply's cause of action is not barred by the doctrine of judicial estoppel.

## B. Collateral Estoppel

Nicholls also contends that the doctrine of collateral estoppel bars the litigation of Nicholls' liability for that part of the goods provided to American Pump. Nicholls asserts that because it has already been established in another case that the goods were provided to American Well, Robertson Supply cannot now assert that the goods were provided to American Pump. The district court disagreed. The district court determined that these were two separate causes of action and that collateral estoppel did not act as a bar because the relevant issues had not been litigated.

■ The collateral estoppel doctrine prevents the relitigation of issues actually litigated and decided in a prior case. *Anderson v. City of Pocatello*, 112 Idaho 176, 183, 731 P.2d 171, 178 (1986). Collateral estoppel serves the policies of protecting litigants from unnecessary costs by not forcing them to relitigate identical issues, promotes judicial economy by avoiding needless litigation, and prevents inconsistent decisions and encourages reliance on adjudications. *Id.*

The appropriate test for when collateral estoppel should apply includes the following: (1) Did the party "against whom the earlier decision is asserted . . . have a 'full and fair opportunity to litigate that issue in the earlier case?'" (2) Was the issue decided in the prior litigation "identical with the one presented in the action in question?" (3) Was the issue actually decided in the

prior litigation? This may be dependent on whether deciding the issue was "necessary to [the prior] judgment." (4) "Was there a final judgment on the merits?" (5) "Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?"

*Anderson,* 112 Idaho at 183–84, 731 P.2d at 178–79 (citations omitted). Perhaps the most critical element is that the issue must have actually been litigated and decided in the prior suit.

There are many reasons why a party may choose not to raise an issue, or to contest an assertion, in a particular action. The action may involve so small an amount that litigation of the issue may cost more than the value of the lawsuit. Or the forum may be an inconvenient one in which to produce the necessary evidence or in which to litigate at all. The interests of conserving judicial resources, of maintaining consistency, and of avoiding oppression or harassment of the adverse party are less compelling when the issue on which preclusion is sought has not actually been litigated before. And if preclusive effect were given to issues not litigated, the result might serve to discourage compromise, to decrease the likelihood that the issues in an action would be narrowed by stipulation, and thus to intensify litigation.

Restatement (Second) of Judgments § 27 comment e (1982).

In this case, Robertson Supply brought suit against the corporation and received a default judgment for the entire amount of the debt. Subsequently, Robertson Supply brought suit against Nicholls, and Nicholls has asserted that the prior default judgment should bar the relitigation of the issue concerning who should be liable for the debt. Nicholls argues that it has already been determined that American Well received the goods and is liable for the debt.

 As we have stated, collateral estoppel only bars an issue which was fully litigated in a prior case. The issues and theories in this case are different than the issues in the prior case; the issue decided in the prior litigation is not identical to the one presented here. In the prior case, the issue was whether American Well was liable for goods and services which were provided by Robertson Supply. In this case, the issue is whether Nicholls is liable for the goods and services provided to American Pump. Although the two cases arise from the same series of transactions, the issues arising from each case are separate and distinct. Therefore, the issue here was not litigated in the prior action. Thus, we conclude that Robertson Supply's action is not barred by collateral estoppel, and we affirm the decision of the district court.

## C. Attorney Fees

 Both parties request attorney fees on appeal. The magistrate awarded attorney fees pursuant to I.C. § 12–120(3), which reads:

In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

This section makes an award of attorney fees mandatory in an action like the one before us, where Robertson Supply has brought suit in an attempt to recover a debt incurred on a contract relating to the sale and purchase of goods. Thus, the prevailing party should be awarded attorney fees.

In this case, it has not yet been determined who is the prevailing party. Once the magistrate determines that substantive issue, it will have to award a reasonable amount of attorney fees to the prevailing party. In making that award, the magistrate should consider the attorney fees the prevailing party incurred in this appeal.

## III.

## CONCLUSION

We conclude that Robertson Supply's cause of action is not barred by either judi-

cial estoppel or collateral estoppel, and we remand to the magistrate division for further proceedings consistent with this opinion. Costs to Respondent, Robertson Supply.

LANSING, C.J., and SCHWARTZMAN, J., concur.