PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                          No. 01-4549

DANA DUNNOCK,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, Chief District Judge.
(CR-00-593-ALL)

Argued: May 9, 2002

Decided: July 8, 2002

Before WIDENER, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed by published opinion. Judge Widener wrote the opinion, in which Judge Niemeyer and Judge Gregory joined.

## COUNSEL

**ARGUED:** Daniel William Stiller, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellant. Jane Meadowcroft Erisman, Assistant United States Attorney, Baltimore, Maryland, for Appellee. **ON BRIEF:** James Wyda, Federal Public Defender, Greenbelt, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Andrea L. Smith, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

**OPINION**

WIDENER, Circuit Judge:

Defendant Dana Dunnock appeals his conviction and sentence for being a felon in possession of a firearm. Dunnock asserts the district court erred when it denied his motion to suppress evidence based on a flawed application of the exigent circumstances exception to the knock and announce requirement. We affirm the district court's denial of the motion to suppress, although we do so on somewhat different reasoning.

I.

Baltimore City Police Officers, the same day as the search in question, secured a search warrant for Dunnock's residence based in part on information provided by Derrick Stokes on the occasion of an earlier arrest of Stokes some days before for possession of heroin. Stokes had then described for police how he obtained heroin from Dunnock on a daily basis at Dunnock's residence. Having obtained the search warrant and while conducting surveillance prior to the execution of the search warrant, the police observed Stokes, whom they recognized, arrive by taxicab and enter the Dunnock residence. When Stokes emerged from the residence a short time later and reentered the waiting taxi, the police stopped the cab several blocks from the house and arrested Stokes, who was in possession of 497 capsules of heroin.

When questioned upon this last arrest, Stokes indicated to police that Dunnock was in the home and had a firearm in his basement bedroom, but Stokes was uncertain if there was anyone else in the house. Police were aware, however, that an older woman may have also resided in the home.

After taking Stokes into custody, the police resumed their surveillance of the home and moments later Dunnock and an unidentified woman exited the residence, entered a vehicle and began to drive away. They were immediately stopped by police and Dunnock was arrested in full view of the home.

After Dunnock was in custody, the police executed the search warrant. Although asked twice, Dunnock was unresponsive to police questions about whether there was anyone else in the home or if Dunnock possessed a key to the locked door. There was conflicting testimony at the suppression hearings on whether police knocked before using a battering ram to forcibly open the door. One officer testified that he knocked on the door and announced "police," while another officer testified that "we did not [knock]" prior to entry.

Prior to his trial on the firearms charge, Dunnock filed a motion to suppress statements he made at the time of his arrest. At the evidentiary hearing on that motion, which is not the subject of this appeal,[1] the issue arose whether officers had violated Dunnock's Fourth Amendment rights in executing the search warrant for Dunnock's home by failing to knock and announce their presence before breaking down the door. The district court rejected Dunnock's Fifth and Sixth Amendment challenges, refusing to suppress the statements, but scheduled a second hearing to further consider the possible Fourth Amendment violation in the execution of the search warrant.

At the second hearing, the district court credited the testimony of one of the police officers and found that the officers did knock and announce before breaking into the home. Based on the finding that the execution of the warrant was proper, the court denied the remainder of Dunnock's motion to suppress the physical evidence. At that hearing the court stated it did not know whether there was enough exigent circumstance present to dispense with the knock-and-announce requirement.

Just prior to trial, Dunnock filed a motion for reconsideration of his motion to suppress the gun seized under the search warrant arguing that one police officer's testimony at the first suppression hearing was inconsistent with his testimony at the second hearing. The district court expressed "serious question" about the issue of credibility, but declined to reach the question, instead denying the motion for reconsideration based upon a finding that a no-knock entry was justified under exigent circumstances. Citing *United States v. Grogins*, 163

---

[1]Any defect in the execution of the search warrant is not claimed to have any effect on any statements made at the time of arrest.

F.3d 795 (4th Cir. 1998), the court concluded that the police had a reasonable suspicion that exigent circumstances existed which would excuse them from the knock and announce requirement. Specifically, the exigent circumstances arose from the information that there was a gun in the house and that, having observed people come and go in a multifamily dwelling, it was objectively reasonable to suspect that there could be other people in the house who might have access to the firearm or destroy the drug evidence.

Dunnock was convicted by a jury of violating 18 U.S.C. § 922(g)(1), as a felon in possession of a firearm, sentenced to 262 months in prison by the district court, and timely filed this appeal.

II.

The knock and announce requirement incorporated in the Fourth Amendment and codified in 18 U.S.C. § 3109 generally requires police officers entering a dwelling to knock on the door and announce their identity and purpose before attempting forcible entry. *United States v. Grogins*, 163 F.3d 795, 797 (4th Cir. 1998). The requirement serves three purposes: "(1) protecting the safety of occupants of a dwelling and the police by reducing violence; (2) preventing the destruction of property; and (3) protecting the privacy of occupants." *Bonner v. Anderson*, 81 F.3d 472, 475 (4th Cir. 1996).[2]

The knock and announce requirement may be excused, however, by exigent circumstances, but officers "must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." *Grogins*, 163 F.3d at 797 (citing *Richards v. Wisconsin*, 520 U.S. 385, 394 (1997)). Whether sufficient exigent circumstances existed at the time of the entry requires a court to analyze the facts of each case to determine that the officers had

---

[2]Counsel for Dunnock conceded at oral argument that Dunnock's safety interest was not implicated because he was in the custody of the police outside the home. Dunnock contends, however, that he retained both his privacy and property interests even though he was not occupying the dwelling when the police executed the search warrant.

some particularized basis for their suspicion. See *Grogins*, 163 F.3d at 797. Our review of the district court's determination of reasonable suspicion is de novo, although we review findings of historical fact for clear error only and give due weight to inferences drawn from those facts by the resident judges. *Ornelas v. United States*, 517 U.S. 690, 699 (1996).

We need not reach the issue of whether the particular circumstances surrounding the execution of the warrant at Dunnock's residence justified a no-knock entry, however, because we conclude that the requirements of the knock and announce rule were met here.

18 U.S.C. § 3109 provides:

> The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.

The standard embodied in 18 U.S.C. § 3109 is a constitutional standard that encompasses the requirements of the Fourth Amendment. See *United States v. Kennedy*, 32 F.3d 876, 882 (4th Cir. 1994). Therefore, if the police met the requirements of the statute, there was no defect in the execution of the search warrant and the district court's decision not to suppress the evidence from the search must be affirmed, even if we do so on different grounds. See *S.E.C. v. Chenery*, 318 U.S. 80, 88 (1945).

In this case, Dunnock, having been arrested and questioned by the police outside his home, clearly had notice of the authority and purpose of the officers executing the search warrant. Although Dunnock's knowledge of the presence of the police did not come from a knock and announce at his door, he nevertheless had the functional equivalent of notice of authority and purpose as required by the statute. Once Dunnock was in custody, it not only would have been futile for the police to knock on Dunnock's front door and announce their presence while Dunnock stood outside the door with them, it would have been superfluous. The officers twice asked Dunnock for a key

to the door or if anyone was inside and received no response. In addition to having received the notice to which he was entitled under the statute, Dunnock effectively refused entry to the police by declining, through his silence, to provide a key to the front door when asked.

We hasten to add that we do not view Dunnock's asserted privacy and property rights as inconsequential, but knowing of the police actions, Dunnock "had an opportunity to . . . comply with the law and to avoid the destruction of property occasioned by a forcible entry." *Richards v. United States*, 520 U.S. 385, 393, n. 5 (1997) (citing *Wilson v. Arkansas*, 514 U.S. 927, 930-932 (1995), for the common law right from which knock and announce arose). When the police were executing a valid search warrant, as here, Dunnock was entitled to no more than the constitutional standard embodied in § 3109.

The touchstone of Fourth Amendment analysis is always reasonableness. See *United States v. Squillacote*, 221 F.3d 542, 558 (4th Cir. 2000). We are of opinion that it is entirely reasonable to conclude that Dunnock, by virtue of the fact he was standing outside his home in the presence of police as they were about to execute a valid search warrant, had all the benefits of the protections afforded by the knock and announce rule of § 3109.

The judgment of the district court is accordingly

*AFFIRMED.*