This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellant,

v.                                              **No. 35,633**

**GEORGE A. TRUJILLO, SR.**,

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}      The State appeals from the district court's order suppressing evidence gathered

during the execution of a search warrant. This Court issued a notice of proposed disposition in which we proposed to affirm. The State has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

{2}     The State raised a single issue in its docketing statement, contending that the district court erred in granting Defendant's motion to suppress evidence based on the officers' failure to comply with the knock and announce requirement. [CN 2] Based on the totality of the circumstances in this case, we proposed to affirm the district court's suppression order. [CN 2] *See State v. Attaway*, 1994-NMSC-011, ¶ 22, 117 N.M. 141, 870 P.2d 103 (holding that the reasonableness of a search and seizure under Article II, Section 10 of the New Mexico Constitution generally necessitates that officers entering a residence knock and announce their identity and purpose), *modified on other grounds by State v. Lopez*, 2005-NMSC-018, ¶¶ 13-20, 138 N.M. 9, 116 P.3d 80; *see also State v. Jean-Paul*, 2013-NMCA-032, ¶ 7, 295 P.3d 1072 (stating that failure to comply with the knock and announce rule can result in suppression of evidence seized). Specifically, we were not convinced that the State demonstrated a justification for the noncompliance that would render the officers' forcible entry into Defendant's home reasonable under Article II, Section 10. [CN 6]  *See State v. Halpern*, 2001-NMCA-049, ¶ 9, 130 N.M. 694, 30 P.3d 383 ("When the police have not complied with the knock and announce requirement, the State bears the burden of

2

proving justification for noncompliance.").

{3} In its memorandum in opposition, the State continues to argue that the officers were justified in dispensing with the knock and announce requirement because knocking and announcing their presence under the circumstances would have been futile. [MIO 8, 10] *See State v. Vargas*, 2008-NMSC-019, ¶ 11, 143 N.M. 692, 181 P.3d 684 (holding that compliance with the knock and announce requirement is excused if officers have a reasonable suspicion that knocking and announcing their presence would be futile). The crux of the State's argument is that Defendant—the sole occupant of the home—was taken into custody prior to the entry, so any actions taken by officers to then knock and announce their presence to an empty home would have been futile. [CN 4]

{4} In our notice of proposed disposition, we observed that "the futility exception applies under circumstances in which it is reasonable to believe that the occupant of a home knows the identity of the officers and their purpose for being at the premises and nevertheless affirmatively refuses to permit the officers to enter." [CN 5-6 (quoting *Jean-Paul*, 2013-NMCA-032, ¶ 13)] We also noted that *Jean-Paul* went on to state that *Vargas* does not "sweepingly dispense with the knock-and-announce requirement any time an occupant of a premises knows that the police are outside" and that "New Mexico has only applied the [futility] exception when there has been an

3

affirmative act of refusal by an occupant of the premises because such action more clearly demonstrates that an occupant does not intend to voluntarily permit the police to enter than does a mere brief period of inaction." [CN 6 (quoting *id*. ¶¶ 14, 19)]

{5}     In this case, after watching Defendant's home for approximately forty-five minutes, officers observed Defendant arrive at the home. [CN 2] The officers approached the home and made contact with Defendant, who was still standing in his driveway behind his vehicle. [CN 2] Defendant was immediately taken into custody. [CN 2] At the same time, other officers used a battering ram to gain entry into Defendant's home, damaging the front door and door frame. [CN 2-3] On these facts, we suggested in our calendar notice that it did not appear that Defendant knew the identity of the officers or their purpose and authority for being at his home. [CN 6] The State takes issue with this suggestion, arguing that Defendant was aware that officers were present in his yard at the time he was taken into custody. [MIO 11] Thus, the State contends that Defendant had actual knowledge of the identity of the officers, and that he essentially had notice of their purpose because the officers he observed were approaching his home with a battering ram. [MIO 11] While the State might well be correct with respect to Defendant's knowledge of the officers' identity, we remain unconvinced that he knew of the officers' authority to enter his home—pursuant to a valid search warrant—simply by virtue of the presence of the battering ram. It was not

until later—after the door was breached with the battering ram—that Defendant was given a copy of the search warrant. [MIO 12] Thus, we are not convinced that both prongs—knowledge of the identity of the officers and knowledge of their purpose—were met.

{6}     Nonetheless, even if we were to assume that the State is correct that Defendant had knowledge of both the officers' presence and purpose, we remain unpersuaded that noncompliance with the "rule of announcement[,]" *Attaway*, 1994-NMSC-011, ¶ 22, would have been futile under the circumstances. As we stated in our calendar notice, compliance with the rule of announcement—not to the empty home, but directly to Defendant—would have given Defendant the option of voluntarily granting the officers permission to enter the home, by providing keys or otherwise, thus obviating the need for the officers to forcibly enter the home via battering ram. [CN 5] Viewed in this light, we indicated that we were not convinced that compliance would have been "a meaningless and redundant formalism that would not have furthered any of the interests underlying the rule[.]" *Vargas*, 2008-NMSC-019, ¶ 17 (internal quotation marks and citations omitted). Thus, we proposed to conclude that absent an affirmative refusal by Defendant to permit the officers to enter his home before the officers forcibly entered, compliance with the rule of announcement was not futile. [CN 6] *See id.* ¶ 11(stating that the knock and announce rule requires that

law enforcement be denied admission prior to forcibly entering closed premises); *see also Jean-Paul*, 2013-NMCA-032, ¶ 9 (recognizing that one of the purposes of the knock and announce rule is "preventing the needless destruction of property").

{7}     The State acknowledges that Defendant did not affirmatively refuse the officers entry into his home. [MIO 13] However, the State argues that Defendant could not affirmatively refuse because (1) he was not inside the home and could not have refused their entry if they knocked and announced, and (2) he had a panic attack when approached by the officers. [MIO 13] With respect to the State's first argument, we are not persuaded. Although Defendant was not inside the home, he still could have—had he been given the opportunity—complied with the law and avoided the destruction of his property by rendering a house key to the officers. *See Jean-Paul*, 2013-NMCA-032, ¶ 9 ("The rule serves a number of additional purposes, including preventing the needless destruction of property, reducing the risk of violence to both occupants and police, and permitting an opportunity for the occupants to comply with the law." (citation omitted)). Notably, the out-of-jurisdiction case cited by the State, *United States v. Dunnock*, 295 F.3d 431 (4th Cir. 2002), involved circumstances similar to those in the present case and only serves to underscore this point. In *Dunnock*, officers arrested and questioned the defendant outside his home prior to using a battering ram to forcibly enter his home. *Id*. at 433. The court upheld the

6

forcible entry, relying in part on its observation that the officers in that case twice asked the defendant for a key to the house or if anyone was inside, and that his silence in response to the questions effectively constituted a refusal of entry. *Id.* at 435. Such opportunity was not afforded Defendant in the present case, nor was such refusal made, and we are therefore not convinced by the State's citation to *Dunnock* that our proposed disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{8} Lastly, with respect to the State's argument that Defendant could not have refused because he was having a panic attack at the time he was detained by the officers, we first note that neither the district court's decision letter containing its findings of fact [RP 148-50], nor either party's proposed findings of fact [RP 111-14 (Defendant's Proposed Findings of Fact and Conclusions of Law); RP 125-29 (State's Proposed Findings of Fact and Conclusions of Law)], make any mention of a panic attack. Given our standard of review, with appropriate deference toward the district court's factual findings, we refrain from conducting further analysis as it pertains to this additional fact not found by the court below. *See State v. Paananen*, 2015-NMSC-031, ¶ 10, 357 P.3d 958 ("Appellate review of a motion to suppress presents a mixed

question of law and fact." (internal quotation marks and citation omitted)); *see also* *State v. Almanzar*, 2014-NMSC-001, ¶ 9, 316 P.3d 183 (recognizing that the appellate court reviews "factual matters with deference to the district court's findings if substantial evidence exists to support them, and it reviews the district court's application of the law de novo").

{9}    In summary, we are not convinced that our proposed disposition in this case was incorrect, and we remain unpersuaded that the State demonstrated a sufficient justification for dispensing with the knock and announcement rule.

{10}    Accordingly, we affirm.

{11}    **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Chief Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**LINDA M. VANZI, Judge**

8